Filed 5/23/14  P. v. Pfeifer CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059189 |
| v. | (Super.Ct.No. PEF001177) |
| DARRIN SCOTT PFEIFER, | ORDER MODIFYING OPINION AND DENIAL OF PETITION FOR REHEARING |
| Defendant and Appellant. | |
| | [NO CHANGE IN JUDGMENT] |

THE COURT

The petition for rehearing is denied.

The opinion herein, filed on May 1, 2014, is modified as follows:

1.  On page 4, line 20, delete the first sentence of the paragraph and replace with:

> "The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be

1

sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. [Citation.]" (*Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

2. On page 5, line 15, delete the entire paragraph and replace with:

If the court finds the defendant satisfies the criteria under section 1170.126, subdivision (e), then it shall resentence the defendant unless it determines that resentencing the defendant would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

3. On page 6, line 8, delete the next two full paragraphs and replace with:

The language of section 1170.126 indicates that a defendant is ineligible for resentencing if *any* of the offenses for which he is serving an indeterminate prison term is a serious and/or violent felony, even if one of the offenses is not a serious and/or violent felony. Section 1170.126, subdivision (a), provides that the resentencing provisions "apply exclusively to persons presently serving an indeterminate term of imprisonment . . . whose sentence under this act would not have been an indeterminate life sentence." A person who committed at least one serious and/or violent felony would receive an indeterminate term of imprisonment under the Act. Furthermore, in submitting a petition for recall of sentence, a defendant must "specify all of the currently charged felonies, which resulted in the sentence under paragraph (2) of subdivision (e) of Section

2

667 or paragraph (2) of subdivision (c) of Section 1170.12, or both . . . ."
(§ 1170.126, subd. (d).) The fact that the statute requires the petitioner to list *all* of the current felonies resulting in an indeterminate life sentence supports the conclusion that the court must consider *all* of the currently charged felonies in determining eligibility for recall of sentence. Here, in his petition, defendant was required to list all of his offenses that resulted in his life sentence. (§ 1170.126, subd. (d).) He properly listed his convictions for unlawful obstruction of a telephone line (§ 591), criminal threats (§ 422), and assault with a deadly weapon (§ 245, subd. (a)(1)). Consequently, the court considered all of these felonies in determining his eligibility for resentencing. Defendant's convictions for criminal threats and assault with a deadly weapon rendered him ineligible for sentencing under section 1170.126, subdivision (e)(1). (§ 1192.7, subd. (c)(31) & (38).)

We further note that the evidence of the voters' intent in enacting the Act support the conclusion that defendant should not benefit from the Act's provisions. "The Act was added by the initiative process. Ballot pamphlet arguments have been recognized as a proper extrinsic aid in construing voter initiatives adopted by popular vote. [Citations.]" (*Yearwood*, *supra*, 213 Cal.App.4th at p. 171.) "The ballot arguments supporting Proposition 36 were primarily focused on increasing public safety and saving money."

(*Ibid.*)  The Voter Information Guide stated that "'Prop. 36 will help stop clogging overcrowded prisons with non-violent offenders, so we have room to keep violent felons off the streets' . . . ."  (*Ibid*.)  "The Act's proponents stated that 'Criminal justice experts and law enforcement leaders carefully crafted Prop. 36 so that truly dangerous criminals will receive no benefits whatsoever from the reform.'  [Citation.]"  (*Ibid*.)

Defendant is not a nonviolent offender who poses no risk to society.  Because he was convicted of criminal threats and assault with a deadly weapon, he has proven himself to be one of the "truly dangerous criminals" the Act intended to keep in prison.  Thus, it would have been inconsistent with the Act's intent for the superior court to only consider his conviction for unlawful obstruction of a telephone line and not his other convictions, in determining his eligibility for resentencing.

We conclude the superior court correctly found that defendant was not eligible for resentencing under section 1170.126.[1]

---

[1] We note the People's additional argument that defendant was disqualified from resentencing relief because he was armed with a deadly weapon during the commission of his offenses, including the unlawful obstruction of a telephone line.  However, in light of our conclusion *ante*, we decline to address this issue.

There is no change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

KING
J.

MILLER
J.

Filed 5/1/14  P. v. Pfeifer CA4/2 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059189 |
| v. | (Super.Ct.No. PEF001177) |
| DARRIN SCOTT PFEIFER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael

Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Darrin Scott Pfeifer appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[2] Defendant filed a notice of appeal on July 24, 2013. We affirm.

PROCEDURAL BACKGROUND

On September 3, 1998, a jury convicted defendant of unlawful obstruction of a telephone line (§ 591, count 1), criminal threats (§ 422, count 2), and assault with a deadly weapon (§ 245, subd. (a)(1), count 3). The jury also found true the allegation that defendant personally used a deadly or dangerous weapon in the commission of count 2. (§ 12022, subd. (b).) Following a bifurcated trial on defendant's priors, the court found that he had two prior strike convictions (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and that he served three prior prison terms (§ 667.5, subd. (b)). On October 30, 1998, the court sentenced defendant under the three strikes law. The court imposed 25 years to life on count 1, and imposed concurrent terms of 25 years to life on counts 2 and 3. The court also imposed one year for each of the prison priors, plus one consecutive year on the weapon use enhancement on count 2, for a total state prison term of 29 years to life. The court subsequently stayed the sentence on the weapon use enhancement and reduced the total term to 28 years to life.

---

[2] All further statutory references will be to the Penal Code, unless otherwise noted.

On May 30, 2013, defendant filed an in pro. per. petition for resentencing under section 1170.126. The court denied the petition since defendant had a conviction for section 422, which made him ineligible for resentencing. (§ 1170.126, subd. (e)(1).) On June 27, 2013, defendant filed a request for the court to reconsider his sentence. The court denied the request.

On July 12, 2013, defendant filed a notice of appeal.

ANALYSIS

I. Appealability

As a threshold matter, we must address the People's argument that the trial court's order is not appealable under *People v. Leggett* (2013) 219 Cal.App.4th 846 (*Leggett*) and other cases. As both parties acknowledge, Courts of Appeal are split on the issue of whether an order on a postjudgment petition pursuant to section 1170.126 is an appealable order, and the issue is pending before the California Supreme Court. (See, e.g., *Teal v. Superior* Court (2013) 217 Cal.App.4th 308, reviewed granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth

3

Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].)  In any event, we will review defendant's appeal.

II.  <u>The Court Properly Denied Defendant's Petition for Recall of Sentence</u>

Defendant argues that he is entitled to resentencing because his conviction on count 1 for unlawful obstruction of a telephone line (§ 591) is not a serious or violent felony, and it is not a disqualifying conviction.  In other words, defendant is only seeking resentencing on count 1, not on the other counts.  We conclude that defendant is not eligible for resentencing.

A.  *Relevant Law*

The Three Strikes Reform Act of 2012 (the Act) amended sections 667 and 1170.12 and added section 1170.12.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.)  The Act changed the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life.  Under the original version of the three strikes law, a recidivist with two or more prior strikes who was convicted of any new felony was subject to an indeterminate life sentence.  (*Ibid.*)  "The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor."  (*Ibid.*)  If these exceptions do not apply, then the court is to sentence the defendant as a second strike offender.  (*Id.* at pp. 167-168.)

Section 1170.126 "establishes a procedure for qualified inmates serving indeterminate life sentences under the three strikes law to seek resentencing under the

terms of the amended law." (*In re Martinez* (2014) 223 Cal.App.4th 610, 616 (*Martinez*).) Section 1170.126, subdivision (e), states that an inmate is eligible for resentencing if:

"(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

"If the court finds the defendant is eligible under section 1170.126, subdivision (e), then it shall resentence the defendant unless it determines that resentencing the defendant would pose an unreasonable risk of danger to public safety." (*Martinez*, *supra*, 223 Cal.App.4th at p. 616; see also § 1170.126, subd. (f).)

B. *The Court Properly Found That Defendant Was Ineligible for Resentencing*

Defendant essentially contends that, in determining his eligibility, the court should have *only* considered his conviction on count 1 for unlawful obstruction of a telephone

line. (§ 591.) He asserts that this offense is neither a serious felony under section 1192.7, subdivision (c), nor a violent felony under section 667.5, subdivision (c). It is also not a disqualifying current conviction under section 1170.126, subdivision (e)(2). Defendant further notes that his prior strike convictions are not disqualifying prior convictions under section 1170.126, subdivision (e)(3). Defendant claims he should be allowed to be resentenced on a single count under section 1170.126 simply because the language of the Act does not bar such action. We disagree.

In *Martinez*, *supra*, 223 Cal.App.4th 610, the defendant made the same argument that defendant makes in the instant case. The defendant in *Martinez* was convicted of, among other offenses, inflicting corporal injury on a spouse (§ 273.5, subd. (a)) and spousal rape (§ 262, subd. (a)(1)). (*Id*. at p. 613.) The superior court denied his petition to recall his sentence, noting that he was ineligible because his current offenses were serious and violent felonies. (*Ibid*.) The defendant appealed the denial and argued that the court should have only considered his conviction for inflicting corporal injury on his wife (§ 273.5, subd. (a)). (*Id*. at p. 616.) He insisted that he was eligible for resentencing since that offense was not a serious or violent felony, and his prior strikes did not disqualify him under section 1170.126, subdivision (e)(3). (*Id*. at pp. 616-617.) The court contemplated the issue of whether a court, in considering a petition for resentencing under section 1170.126, "must consider all the offenses on which the petitioner was sentenced or consider each offense and related term of imprisonment separately." (*Id*. at p. 617.) The defendant argued that the court must take the latter approach. (*Ibid*.) The

6

court rejected the defendant's position, holding that, pursuant to the statutory language of section 1170.126, the trial court correctly considered all felonies under which the defendant received an indeterminate sentence.  (*Id*. at p. 619.)  The court pointed out that, in submitting a petition for recall of sentence, "a petitioner must disclose the offenses that led to his prior strikes and all of the currently charged felonies that resulted in an indeterminate life sentence under section 667, subdivision (e)(2) or section 1170.12, subdivision (c)(2)."  (*Ibid*.; see also § 1170.126, subd. (d).)  Thus, the defendant was required to list his convictions for inflicting corporal injury to a spouse and spousal rape "because the court sentenced him to consecutive indeterminate life sentences for each of those counts."  (*Martinez*, at p. 619.)  The court reasoned that, "[i]f the court was not to consider all the felonies that led to his sentence, there would be little need to require all of them to be listed."  (*Ibid*.)  The court further noted that spousal rape was one of the enumerated felonies that section 1170.126, subdivision (e)(2), deemed to render a petitioner ineligible for resentencing, if it was one of the offenses that led to the current sentence.  (*Martinez*, at p. 619.)  The court thus held that the defendant's conviction for spousal rape made him ineligible for resentencing under section 1170.126, subdivision (e)(1), as well as subdivision (e)(2).  (*Martinez*, at p. 619.)

*Martinez* is directly on point.  Section 1170.126, subdivision (d), provides that a petition for a recall of sentence "shall specify *all* of the currently charged felonies, which resulted in the [indeterminate life] sentence."  (Italics added.)  Accordingly, defendant here was required to list all of his offenses that resulted in his life sentence—unlawful

7

obstruction of a telephone line (§ 591), criminal threats (§ 422), and assault with a deadly weapon (§ 245, subd. (a)(1)). He did so. The court then properly considered all of these felonies. (See *Martinez*, *supra*, 223 Cal.App.4th at p. 620.) Defendant's conviction for criminal threats (§ 422) rendered him ineligible for sentencing under section 1170.126, subdivision (e)(1). (§ 1192.7, subd. (c)(38).) Thus, the court properly denied his petition for resentencing.[3]

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

KING
            J.

MILLER
            J.

---

   [3] We note the People's additional argument that defendant was disqualified from resentencing relief because he was armed with a deadly weapon during the commission of his offenses, including the unlawful obstruction of a telephone line. However, in light of our conclusion *ante*, we decline to address this issue.